STATE, Respondent, v. MILLS, Appellant.

(187 N. W. 49.)

(File Nos. 4887, 4874. Opinion filed May 3, 1922. Rehearing granted June 16, 1922.)

1. **Criminal Law—Appeals—Rape—Evidence, Unnecessary, Immaterial, Received, Non-refusal to Receive Competent Evidence—Non-prejudicial.**

Where, in a trial for rape, much unnecessary and some immaterial evidence was received, and no competent evidence was rejected, no prejudicial error appears.

2. **Rape—Instruction That Evidence Must Show Crime Committed and if Committed by Another Person, Must Find Not Guilty—Non-prejudicial.**

An instruction in a prosecution for rape, that before jury can find any one guilty they must find that crime charged has been committed, and that if committed by some person other than defendant, they could not find defendant guilty, was non-prejudicial, since the instruction does not tell jury that if crime was committed they were to convict defendant merely because evidence failed to convict another.

**3.** **Rape—Newly Discovered Evidence Tending to Show Non-commission of Crime on Date Alleged, Immateriality of.**

Where, under an information charging defendant with the crime of rape on July 28th, prosecutrix having testified it was committed at about two P. M. that day, and that two other acts of sexual intercourse with defendant were committed, one October 31st, the other in May of same year; and newly discovered evidence of a neighbor that, according to his diary entry, on July 28th he was working in a field adjoining that in which act was alleged to have been committed, and could see over the entire adjoining field where defendant and prosecutrix were at work; defendant's subsequently discovered check dated October 31st showing payment to one R in town of H and a bill of goods dated that day and that R and the seller of the merchandise would testify defendant was in H on said date; held, that, while if affidavits of showing were true, crime could not have been committed July 28th, nor the acts in question have been committed on October 31st, yet the exact date is immaterial; and new trial was properly refused.

**4.** **Same—Newly Discovered Evidence, Non-change of Result Because of in Trial Judge's View—Non-prejudicial.**

Where undisputed facts warrant trial judge in believing newly discovered evidence would not upon another trial change result, his refusal to grant new trial was non-prejudicial; this in view of his superior position to judge of witnesses' testimony.

Smith, J., dissenting.

Sherwood, J., not sitting.

Appeal from Circuit Court, Campbell County. Hon. ALVA E. TAYLOR, Judge.

The defendant, William W. Mills, was convicted of the crime of rape, and he appeals. Affirmed.

*Crofoot & Ryan,* and *Smith & Shandorf,* for Appellant.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Respondent.

POLLEY, J. Defendant was convicted of the crime of statutory rape, and from the judgment of conviction and from an order denying his motion for a new trial he appeals to this court.

The information fixed the date of the offense as the 28th day of July, 1919, and the prosecutrix testified that the offense was committed at about 2 o'clock in the afternoon of that day. She also testified to two other acts of sexual intercourse with the de-

fendant; one on the 31st day of October, 1919, and the other during the month of May, 1918.

As grounds for a new trial appellant urges the admission of certain evidence over his objection, the rejection of certain evidence offered by him, the giving of an erroneous instruction, and newly discovered evidence.

[1] The evidence taken at the trial is exceedingly filthy, and nothing would be gained by setting it out in detail. We have given it all careful consideration, not only what is set out in the printed record, but we have had recourse to the settled record, and examined the entire proceeding in the trial court. After such examination we are not satisfied that appellant was prejudiced by any of the rulings of the trial court upon the reception or rejection of evidence. Much testimony that was unnecessary and some that was immaterial was received, but it was not prejudicial to defendant, and no competent evidence offered by him was rejected.

[2] It is contended by appellant that the instruction complained of told the jury that, in order to acquit the appellant, they must not only fail to find the appellant guilty, but they must also find who is the guilty party. The complaint of the appellant is based upon a single isolated sentence of a quite lengthy instruction, and, when read in connection with the preceding portion of the instruction, is not subject to the criticism made. Under the instruction as a whole, the jury are told that before they can find any one guilty they must find from the evidence and beyond a reasonable doubt that the crime charged in the information has been committed. Then they are told that, if it was some person other than appellant who committed it, in other words, if they failed to find that appellant committed it, they could not find him guilty. The instruction does not tell the jury that if the crime was committed they were to convict appellant merely because the evidence failed to convict some other person. We do not believe the jury was mislead by the instruction.

[3] Upon the question of newly discovered evidence appellant filed an affidavit of one W. A. Bently, a neighbor, to the effect that on the 28th day of July, 1919, he finished harvesting his rye; that his wife was working with him; that his ryefield adjoins the hayfield of appellant; that he could see all of appellant's hayfield from any part of his ryefield; that during all of the

day appellant and the prosecutrix were at work in the·said hay-field; that he fixed the date by an entry in his diary, which entry shows that he finished harvesting his rye on that particular day. Bently's wife filed an affidavit in which she fully corroborates the above statements.

After the trial appellant found among his private papers a check issued and signed by himself, payable to one J. S. Raish, a storekeeper in the town of Herreid, which check is dated October 31, 1919. He also found a bill of goods dated on that day, purchased by appellant in Mound City during the afternoon of October 31, 1919. The said Raish and the party who sold appellant the bill of goods filed affidavits to the effect that in case of a new trial they would testify that appellant was in Herreid and Mound City during the afternoon of October 31. For the purpose of the motion these affidavits must be taken as true, and, if true, it is impossible that the offense charged in the information could have been committed on the afternoon of July 28th, or that the offense testified to as having been committed on the 31st of October, 1919, could have been committed at that time. But the exact date when an offense like this was committed is not material. The prosecutrix might easily have been mistaken as to these two dates without any intentional falsehood. She was not cross-examined relative to the dates. No other date or event was called to her attention by which she could fix these dates. She appears to have testified wholly from recollection. In view of the evidence from other sources that she had given birth to two children, it is hardly to be doubted that the offense charged in the information was committed at about the time charged.

[4] There are certain undisputed facts in the record that, to our minds, fully warranted the trial judge in believing that the newly discovered evidence would not, upon another trial, change the result of this trial. It must be borne in mind that the trial judge saw all the witnesses and heard all the testimoney. If he had thought another trial would probably result in an acquittal it was his duty to grant such trial. But he was in better position than this court to judge the probabilities of a different result in case of another trial; and, unless it appears that he has acted arbitrarily in the matter, or has failed to exercise or has abused his discretion, this court should not interfere.

The judgment and order appealed from are affirmed.

SMITH, J., dissents.

SHERWOOD, J., not sitting.